IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA RUDDOCK )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>BURLINGTON STORES, INC. )<br>)<br>Defendants ) | C.A. No.<br><br>**NOTICE OF REMOVAL** |

Defendant, Burlington Stores, Inc. (hereinafter referred to as "BSI"), hereby removes this civil action bearing Index No. 801894/2022E from the Supreme Court of the State of New York, County of Bronx to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1446 and 28 U.S.C. §1332.

1. Plaintiff, Sonia Ruddock, (hereinafter "Plaintiff" or "Ruddock"), commenced this action in the Supreme Court of the State of New York, County of Bronx by filing a Civil Action Complaint ("Complaint") on or about February 7, 2022. A copy of the Complaint is attached hereto as Exhibit "A" without admission or adoption.

2. Plaintiff's Complaint filed in the Supreme Court of the State of New York, County of Bronx, with Index No. 801894/2022E was directed against Defendant, Burlington Stores, Inc.

3. Plaintiff seeks damages pursuant to injuries allegedly sustained as a result of a slip and fall which allegedly occurred at the Burlington Coat Factory Store located at 1925 Turnbull Avenue, Bronx, New York 110473. (*See* Exhibit "A").

4. The Plaintiff is a resident of the County of Bronx, State of New York. *See* Exhibit "A").

5.  Plaintiff's current address is 126 Sunset Blvd., Apt. 111, Bronx, New York 10473 (Bronx County) and she has lived at that addressed since 2005, according to "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters).

6.  Phone numbers associated with the Plaintiff include multiple phone numbers with area code "718" and "347" which are all phone numbers issued in the State of New York, (typically for Bronx County), according to "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters).

7.  Plaintiff's Social Security Number, XXX-64-XXXX, was issued in the State of New York between 1992 and 1994, according to "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters).

8.  Plaintiff has had multiple vehicles registered to her with the DMV with a mailing address of 126 Sunset Blvd. since 2004, according to "PeopleMap Report (Premier)" provided by WESTLAW (Thompson Reuters).

9.  For diversity purposes, it is well-established that the citizenship of an individual is equivalent to her domicile. Yonofsky v. Wernick, 362 F. Supp. 1005 (S.D.N.Y. 1973); Broadstone Realty Corp. v. Evans, 213 F. Supp. 261, 265 (S.D.N.Y. 1962). Domicile is defined by residence in fact along with the intent to remain there or to return when absent. Kaufman & Broad v. Gootrad, 397 F. Supp. 1054, 1055 (S.D.N.Y. 1975). An individual's residence at the time a lawsuit is commenced provides *prima facia* evidence of their domicile. Broadstone Realty Corp. v. Evans, 213 F. Supp. 261, 265 (S.D.N.Y 1962). Domicile must be established by the totality of the evidence of a person's contacts with the state and intent to remain there. See, e.g., supra., Broadstone Realty Corp. v. Evans, supra.

10. Based on the totality of Plaintiff's aforementioned contact with the State of New York, Plaintiff's Citizenship is that of the State of New York.

11. Defendant, Burlington Stores, Inc. is a foreign Corporation organized and existing under the laws of the State of Delaware which has its principal place of business located at 1830 Route 130 North, Burlington, New Jersey 08016. Defendant, Burlington Stores, Inc. is a Citizen of the State of Delaware and the State of New Jersey is not a citizen of the State of New York.

12. Pursuant to Plaintiff's Complaint (Exhibit "A", Paras. 24-25) by reason of Defendants' alleged negligence, Plaintiff was allegedly caused to sustain serious and grievous physical injuries, to be injured physically and mentally, to be in shock, have mental anguish, depression and unable to undergo her basic daily activities, enjoyment of life from the time of the accident into to future as well as undergo hospitalizations, medical treatment, surgeries, therapy and care and to extend sums of money for her present and ongoing medical care, to sustain serious injuries, to be rendered, sick, lame and permanently and partially disabled to the present and into the future leaving Plaintiff allegedly disabled, and was required to seek and obtain medical care and attention in an effort to cure and alleviate same and, upon information and belief will be compelled to do so in the future.

13. Based on the alleged damages averments contained in the Complaint (Exhibits "A", Paras. 24-77), logically the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000) exclusive interest and costs as this case allegedly involves serious and severe permanent physical injuries leaving Plaintiff allegedly disabled.

14. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

15. Since Plaintiff and Defendants are citizens of different states, this dispute involves controversies between citizens of different states and therefore is removable pursuant to 28 U.S.C. §1441.

16. Pursuant to 28 U.S.C. § 1446(a) this Notice of Removal is filed in the United

States District Court for the Southern District of New York, which is the District in which the State Court Action is pending.

17. This Notice of Removal is timely pursuant to 28 U.S.C. §1446(b) and 28 U.S.C. §1446(b)(3) as it was filed within thirty (30) days after Defendant received a copy of the initial pleading (original Complaint at Exhibit "A") setting forth a claim for relief upon which the action or proceeding is based.

18. Defendants will file this date a copy of this Notice of Removal with the Clerk's Office of the Supreme Court of the State of New York, County of Bronx as required by 28 U.S.C. § 1446(c).

19. Defendants will this date give written notice of the filing of this Notice of Removal to Plaintiff as required by 28 U.S.C. § 1446(c).

**WHEREFORE**, Burlington Stores, Inc. respectfully request that the above-entitled action now pending in the Supreme Court of the State of New York, County of Bronx, be removed therefrom to this Court.

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: February 24, 2022    By:    /s/ Randi A. Wolf
Randi A. Wolf, Esquire
1635 Market Street, 7th Floor
Philadelphia, PA 19103
(215) 241-8903/(215) 241-8844 (fax)
rwolf@sgrvlaw.com

305 Broadway
7th Floor
New York, NY 10007

Attorney for Defendant,
Burlington Stores, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONIA RUDDOCK ) | |
| ) | |
| Plaintiff, ) | C.A. No. |
| ) | |
| vs. ) | |
| ) | **CERTIFICATE OF SERVICE** |
| BURLINGTON STORES, INC. ) | |
| ) | |
| Defendants ) | |

I hereby certify that on this date I served the foregoing Notice of Removal on all parties by causing true and correct copies thereof to be sent U.S. Regular Mail, on February 24, 2022 addressed to the following:

>Jerome P. Patterson, Esquire
>Jerome P. Patterson, P.C.
>40-42 Bell Blvd., Suite 600
>Bayside, NY 11361

**SPECTOR GADON ROSEN VINCI P.C.**

Dated: February 24, 2022            By: <u>Randi A. Wolf</u>
                                    Randi A. Wolf, Esquire

3505232-1                  5