# EXHIBIT "A"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------X
SONIA RUDDOCK,

                Plaintiff,

   - against -

BURLINGTON STORES, INC.

                Defendant.

---------------------------------------X

Index No.:

Date purchased:

**SUMMONS**

*The basis of the venue is Plaintiff's Residence:*
*12 Sunset Bvld*
*Bronx, NY 10473*

TO:   THE ABOVE-NAMED DEFENDANT(S):

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Bayside, New York
       February 7, 2022

Jerome P. Patterson, P.C.
Attorney for Plaintiff
SONIA RUDDOCK
40-42 Bell Blvd., Suite 600
Bayside, New York 11361
(718) 631-4400

Defendant's Address:
Burlington Stores, Inc.,
1925 Turnbull Ave, Bronx, NY 10473

Burlington Legal Department
1830 Route 130N Burlington, NJ 08016

```
SUPREME COURT OF THE STATE OF NEW YORK      Index No.:
COUNTY OF BRONX
------------------------------------X
SONIA RUDDOCK,

                    Plaintiff,              VERIFIED
                                             COMPLAINT
      - against -

BURLINGTON STORES, INC.

                    Defendant.
------------------------------------X
```

The plaintiff, SONIA RUDDOCK complaining of the defendant, by his attorney, JEROME D. PATTERSON, P.C., respectfully alleges as follows:

1. That at all times hereinafter mentioned, the plaintiff, herein SONIA RUDDOCK is a resident of the County of Bronx, State of New York.

2. That upon information and belief, at all times herein mentioned, defendant, BURLINGTON STORES, INC. was a domestically company duly organized and existing under and by virtue of the laws of the State of New York.

3. That upon information and belief, at all times herein mentioned, defendant, BURLINGTON STORES, INC. was a foreign company duly organized

and existing, under and by virtue of the laws of the State of New York.

4. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still is the owner of the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof, and invited the members and their guests as well as the general public therein.

5. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still is a tenant at the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

6. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still is the operator of the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and

their guests as well as the general public therein.

7. That plaintiff SONIA RUDDOCK, as aforesaid was rendered by the defendants, their agents, servants and/or employees with a lack of safety measures and in a negligent manner and without regard to and in deviation from the standards, on behalf of the defendants, and plaintiff SONIA RUDDOCK, herein specifically alleges the doctrine of res ipsa loquitur and other acts of negligence, without any culpable conduct on the part of plaintiff.

8. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still maintained the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

9. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still renovated the premises located at 1925 Turnbull Ave, County of Bronx,

State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

10. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still supervised the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

11. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still controlled the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

12. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still inspected the premises located at 1925 Turnbull Ave, County of Bronx,

State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

13. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still managed the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

14. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. was and still repaired the premises located at 1925 Turnbull Ave, County of Bronx, State of New York, together with the appurtenances thereof and invited the members and their guests as well as the general public therein.

15. That on or about the 22st Day of December 2021 at or about 2:45 pm while the plaintiff, SONIA RUDDOCK was lawfully upon the aforesaid premises of the defendants she was caused to sustain

injuries when she was violently and negligent precipitated to the ground thereat when she was caused to fall, lose her balance, slip and trip thereat on an escalator on the second floor on the defendant's premises.

16. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees caused and created the dangerous and trap like conditions that violently precipitated plaintiff to the ground causing her to sustain injuries.

17. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees knew of such ongoing and recurring dangerous and trap like conditions that violently precipitated plaintiff to the ground causing her to sustain injuries.

18. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees knew of said dangerous and hazardous conditions for a long period of time and

negligent and recklessly failed to remedy these dangerous and trap like conditions that violently precipitated plaintiff to the ground causing her to sustain injuries.

19. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees had actual knowledge and or constructive notice of said dangerous and trap like conditions since said conditions existed for a sufficient length of time prior to the happening of the accident described herein that violently precipitated plaintiff to the ground causing her to sustain injuries.

20. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees had actual knowledge and or constructive notice of said dangerous and trap like conditions since said conditions existed for a sufficient length of time prior to the happening of the accident described herein and defendants failed to remedy, remediate, and or repair said condition or that violently

precipitated plaintiff to the ground causing her to sustain injuries.

21. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees had actual knowledge and or constructive notice of said dangerous and trap like conditions since said conditions existed for a sufficient length of time prior to the happening of the accident described herein and the defendants failed to place warnings, cones or other devices threat to prevent plaintiff from being violently precipitated to the ground causing her to sustain injuries.

22. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employee's negligence, recklessness and carelessness was the sole proximate cause or substantial factor in causing plaintiff to sustain injuries.

23. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or

employee's negligence, recklessness and carelessness was the sole proximate cause or substantial factor in causing plaintiff to sustain injuries without any negligence on the plaintiff contributing thereto.

24. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees negligence, recklessness and carelessness was the cause and or substantial factor in plaintiff sustaining serious and grievous physical injuries, to be rendered sick, lame and permanently and partially disabled to the present and into the future, to be injured physically and mentally, to be in shock, have mental anguish; depression and unable to undergo her basic daily activities, enjoyment of life from the time of the accident into the future.

25. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employees negligence, recklessness and carelessness was the cause and substantial factor in plaintiff's injuries and her to undergo

hospitalizations, medical treatment, surgeries, therapy and care and to expend sums of money for her present and ongoing medical care, to sustain serious injuries, to be rendered sick, lame and permanently and partially disabled to the present and into the future.

26. That the instant action comes within one or more of the exceptions to CPLR 1601 as listed in CPLR 1602.

27. That upon information and belief, at all times herein mentioned, the defendant, BURLINGTON STORES, INC. its agents, servants and or employee's negligence, recklessness and carelessness caused plaintiff to sustain injuries and damages in a monetary sum far exceeding the jurisdictional limitations of the lower courts of the State of New York.

WHEREFORE, the plaintiff, SONIA RUDDOCK, demands judgment against the defendant, BURLINGTON STORES, INC. in the sum in excess of the jurisdictional limits of the lower courts, all together with the costs and disbursement of this action.

Dated: Bayside, New York
       February 7, 2022

*[signature]*

Jerome P. Patterson, P.C.
Attorney for Plaintiff,
SONIA RUDDOCK
40-42 Bell Blvd., Suite 600
Bayside, New York 11361
(718) 631-4400

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF QUEENS    )

The undersigned, an attorney admitted to practice in the Courts of New York State, shows:

Deponent is the attorney of record for the plaintiff in the within action; deponent has read the foregoing Complaint and knows the contents thereof; the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Deponent makes this verification and not the plaintiff by reason of the fact that plaintiff does not reside in the County wherein deponent has his office.

Dated: Bayside, New York
      February 7, 2022

_____
JEROME D. PATTERSON, ESQ.

## AFFIDAVIT OF SERVICE VIA NYSCEF

Jerome D. Patterson, being duly sworn deposes and says that he is not a party to the within action and is over the age of 18 years old and resides within the County of Nassau and that on the 7th day of FEBRUARY 2022 served the within:

### SUMMONS AND COMPLAINT

Upon all parties appearing on the Supreme Court State of New York Electronic Filing Website at the email addresses designated by said parties in this matter for that purpose.

_____
Jerome D. Patterson